UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

JORDAN MCCLOUD,

                   Defendant.

_____

DECISION & ORDER and
REPORT & RECOMMENDATION

14-CR-6174G

## PRELIMINARY STATEMENT

By Order of Hon. Frank P. Geraci, Jr., Chief United States District Judge, dated November 4, 2014, all pretrial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 22).

On November 4, 2014, the grand jury returned a two-count indictment charging defendants Jordan McCloud ("McCloud") and Shahmell Robinson ("Robinson") with conspiracy to produce child pornography, in violation of 18 U.S.C. §§ 2251(e), and production of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2251(e) and 2. (Docket # 21). The indictment also contains a forfeiture allegation. (*Id.*).

Currently pending before the Court are motions by McCloud for severance, a bill of particulars and disclosure of *Brady* material.[1] This Court conducted oral argument on the

---

[1] McCloud filed omnibus motions seeking other forms of relief, namely, Rule 404(b), 608 and 609 evidence, an order requiring the minor witnesses to be identified by name at trial, production of the seizure warrant application, and leave to file additional motions. Each of the above-referenced motions was decided by the undersigned or resolved by the parties at oral argument on March 3, 2015. (Docket ## 41, 42). With respect to the motion for production of the seizure warrant application, denoted in the motion papers as "Return of Property" motion, the government agreed to produce to McCloud the application and accompanying affidavit by no later than March 6, 2015. The Court's written order reflecting the status of the pending motions thus should have reflected

motions on March 3, 2015.  (Docket # 41).  For the reasons discussed below, I deny McCloud's motion for a bill of particulars and deny without prejudice his motion for *Brady* material.  I also recommend that the district court deny McCloud's severance motion.

## REPORT & RECOMMENDATION

### Severance

McCloud moves for an Order severing his trial from the trial of his co-defendant, Robinson.  (Docket # 32 at 2-5).  After McCloud filed his motion, Robinson's attorney advised this Court by letter dated June 1, 2015, that Robinson has reached an agreement with the government to resolve the pending charges and expects to enter a plea before the district court within the next few weeks.  (Docket # 62).  Robinson's plea would moot McCloud's motion for severance.  Accordingly, this Court recommends that the district court deny McCloud's motion as moot and do so without prejudice in the event that Robinson has not entered his anticipated plea by the time of the district court's decision on this motion.

## DECISION & ORDER

### I.      Bill of Particulars

McCloud's motion papers seek a bill of particulars "clarifying which 'visual depiction' . . . is being referred to in count 2 of the indictment"; identifying whether the agreement that underlies the conspiracy charge was express or implied and whether it included an agreement to post the video on the internet; and, identifying the members of the alleged conspiracy.  (Docket # 32 at 5-9).

---

that the "Return of Property" motion was mooted by the government's agreement, rather than reserved pending decision, as it incorrectly noted.  Accordingly, that motion is hereby denied as moot.  (*Id.*).

The purpose of a bill of particulars is to enable the defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citations omitted) (*per curiam*).  A bill of particulars is not to be used as a discovery device to obtain "evidentiary detail" about the government's case.  *See, e.g.*, *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.) (citation omitted), *cert. denied*, 498 U.S. 906 (1990).  In other words, a bill of particulars should be granted where the information sought is "necessary" to prepare a defense and to avoid double jeopardy, not where it is merely "useful" to the defense in ascertaining the government's proof.  *See United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994); *see also United States v. Love*, 859 F. Supp. 725, 738 (S.D.N.Y.), *aff'd sub nom. United States v. Roberts*, 41 F.3d 1501 (2d Cir. 1994).  Where the charge against the defendant is broad in scope, a bill of particulars may be more appropriate than where the charged conduct is more narrow.  *See, e.g.*, *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998) ("a bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge"); *United States v. Davidoff*, 845 F.2d 1151, 1154-55 (2d Cir. 1988) (district court abused discretion in denying a bill of particulars identifying victims in seven-year racketeering conspiracy; court noted that principles governing bills of particulars "must be applied with some care when the [g]overnment charges criminal offenses under statutes as broad as RICO").

To warrant a bill of particulars, the indictment's charges must be so general that they fail to advise a defendant of the specific acts of which the defendant is accused.  *See United States v. Torres*, 901 F.2d at 234; *United States v. Henry*, 861 F. Supp. at 1198.  In determining

that question, the court may consider whether the information sought by the defendant has been made available through other means, such as discovery or prior court proceedings. *See United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984); *United States v. Kelly*, 91 F. Supp. 2d 580, 583-84 (S.D.N.Y. 2000); *United States v. Ahmad*, 992 F. Supp. 682, 684 (S.D.N.Y. 1998); *United States v. Feola*, 651 F. Supp. 1068, 1133 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.), *cert. denied*, 493 U.S. 834 (1989).

Count One of the Indictment in this case charges McCloud and Robinson with the substantive offense of production of child pornography. Count Two charges both defendants with conspiracy to produce child pornography. Although the indictment is unsurprisingly lean on detailed allegations, the earlier complaint against McCloud was not. (*See* Docket # 5). It alleged, *inter alia*, that a video was posted on the internet sometime on or before August 10, 2014, depicting a minor victim, who appeared to be unconscious, being sexually assaulted by a male, while another male filmed the assault. (*Id.*). The video apparently included footage of the filmer turning the camera towards his face and laughing. (*Id.*). During an interview with an investigating officer, a confidential informant identified that male as McCloud. (*Id.*). The confidential informant further informed the police that she had found the video on McCloud's cell phone and had posted it to the internet. (*Id.*). The alleged victim of the assault told law enforcement that she had been with McCloud on the night of the assault, had been drinking and had not consented to have sex with anyone. (*Id.*). She identified McCloud as the individual who recorded the alleged assault; others identified Robinson as the alleged assaulter. (*Id.*). The complaint further alleges that investigating agents seized McCloud's cellular phone and located the video. (*Id.*).

4

The government has supplemented those allegations in its written response to the pending motions.  (*See* Docket # 37 at 1-4).  There, the government proffers that McCloud drove the fourteen-year-old victim to a party on Andover Street in Greece on the evening of August 7, 2014, hours before the alleged assault.  (*Id.*).  At the party, the victim was provided with and drank several shots of alcohol, and the next thing she claims to remember is waking up the following morning next to Robinson.  (*Id.*).  According to the government, the video contains metadata showing that it was produced in the early morning hours of August 8.  (*Id.*).  Another video recovered from McCloud's phone shows him and others talking in a car after the alleged assault.  (*Id.*).  The government represented that this second video depicts them discussing the fact that the victim was 14 years old.  (*Id.*).

The government has affirmed that it has made the video, among other discovery, available for inspection by the defense.  Defense counsel's contentions during oral argument on the pending motion make clear that he has reviewed the video.

During oral argument on the motion for a bill of particulars, the government confirmed that the video at issue in Count Two is the same video as issue in Count One and is the video that has been made available to and reviewed by defense counsel.  With respect to the challenged conspiracy, the government represented that it does not intend to introduce evidence that either defendant posted the video to the internet or agreed with a third-party that the third-party would post the video.  As the government acknowledged, the conspiracy charged against the defendants – to produce child pornography – does not require posting or publication of the video.  As the government explained, it expects to introduce evidence that the two defendants agreed with each other to employ, use, persuade, induce, entice and coerce a minor victim to engage in sexually explicit conduct for the purpose of producing a video of the

conduct.  These representations and clarifications directly answer three of the four questions posed by McCloud in his motion papers.  (*See* Docket # 32 at ¶ 26).

        As for the remaining inquiry – whether the agreement was expressed or implied and, if expressed, when it was made and who was present when it was made –, such details are beyond the scope of a proper bill of particulars.  *See*, *e.g.*, *United States v. Liu*, 2014 WL 101672, *15 (S.D.N.Y. 2014) (denying motion for bill of particulars identifying "[w]hen, where, from, or with whom and the manner in which each alleged conspirator or other person became aware of any conversation, discussion, communication or agreement"; "demands for particular information with respect to where, when, and with whom the [g]overnment will charge the defendant with conspiracy are routinely denied") (internal quotations and citations omitted); *United States v. Barret*, 824 F. Supp. 2d 419, 439-40 (E.D.N.Y. 2011) (denying motion for bill of particulars seeking, *inter alia*, "[t]he precise conduct of [defendant] alleged to establish the element of agreement, combination and conspiracy"; "the court finds that what defendant seek[s] is in the nature of the 'wheres, whens, and with whoms' that [c]ourts have held to be beyond the scope of a bill of particulars") (internal quotation and citations omitted); *United States v. Diaz*, 303 F. Supp. 2d 84, 88-89 (D. Conn. 2004) (denying motion for bill of particulars specifying with respect to conspiracy to commit child pornography offense, *inter alia*, "the date and location where said conspiracy was allegedly formed"; "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars").  Considering the indictment, the complaint, the discovery and the representations made by the government in connection with the pending motions, I find that McCloud has sufficient information to prepare his defense, to avoid unfair surprise and to interpose a claim of

double jeopardy, if appropriate.  *See United States v. Bortnovsky*, 820 F.2d at 574.  Accordingly, I deny McCloud's motion for further particularization of the indictment.

II.      **Disclosure of *Brady* and *Giglio* Material**

McCloud also seeks disclosure of *Brady* and *Giglio* material related to two minors who may be called as trial witnesses by the government.  (Docket # 32 at 9-19).  Subsequent to oral argument, McCloud brought an order to show cause why subpoenas should not issue to various governmental agencies compelling the production of certain records relating to the minor witnesses that McCloud believes may constitute impeachment material.  (*See* Docket # 47).  At oral argument on that application, the government represented that it has not yet decided whether to call either or both of the witnesses at trial.  (*See* Docket # 60).  In light of that representation, and considering relevant caselaw, this Court denied without prejudice to renewal McCloud's application for subpoenas to compel production of the material, but issued an order to the agencies requiring them to preserve the requested records.  (Docket ## 56, 61).

McCloud has not demonstrated that any of the requested material constitutes exculpatory information within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963).  The government has represented that it is fully aware of its responsibilities under *Brady* and "is not in possession of any exculpatory material within the contemplation of *Brady*."  (Docket # 37 at 11-12).  The material may ultimately constitute impeachment material that the government must produce under *Giglio v. United States*, 405 U.S. 150 (1972), but disclosure is premature at this time.  *United States v. Douglas*, 525 F.3d 225, 245 (2d Cir. 2008) (the government is required to produce *Giglio* material only in time for its effective use).  Accordingly, McCloud's motion for

production of *Brady* and *Giglio* material is denied without prejudice to renewal before the district court.

## **CONCLUSION**

For the reasons stated above, I deny McCloud's motion for a bill of particulars (Docket # 32), deny without prejudice to renewal his motion for disclosure of *Brady* and *Giglio* material (Docket # 32), and recommend that the district court deny his motion for severance (Docket # 32).

**IT IS SO ORDERED.**

*s/Marian W. Payson*

MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        June 5, 2015

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       June 5, 2015

---

[2]  Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).