UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                       Case #14-CR-6174-FPG

v.

                                                       DECISION AND ORDER

JORDAN MCCLOUD,

                          Defendant.

_____

        By text order dated November 4, 2014, this case was referred to United States Magistrate

Judge Marian W. Payson, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  ECF No. 22.  Count 1

of the Indictment in this case alleges that Defendant Jordan McCloud ("McCloud") produced

child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e) and 2, and Count 2 alleges that

McCloud conspired to produce child pornography in violation of 18 U.S.C. § 2251(e).  ECF No.

21.

        On June 5, 2015, Magistrate Judge Payson issued a Decision and Order ("D&O") and a

Report and Recommendation ("R&R").  ECF No. 64.  The R&R recommends denying

McCloud's motion to sever his case from co-defendant Shahmell Robinson, since McCloud had

conveyed his intention to enter a guilty plea in this case, which would make the severance issue

moot.  *Id.*  The D&O denied McCloud's motion for a bill or particulars, and denied without

prejudice McCloud's motion seeking disclosure of certain materials under *Brady v. Maryland*,

373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

        On June 17, 2015, McCloud's counsel, Phillip R. Hurwitz, filed a document entitled

"Fed. R. Cr. P. 59(b)(2) objections to findings and recommendations."  ECF No. 65.  Although

the standard of review that I must apply in reviewing objections to an R&R are very different

than the standard applied in reviewing determinations made by Magistrate Judge Payson's D&O,

counsel has not distinguished between the two.   Additionally, counsel's submission starts by

seeking to "incorporate by reference, as though fully set forth herein, its objections filed with the

Court on March 19, 2015 (see docket #45)" and states that his current filing "serves to

supplement docket #45."   ECF No. 65.   Counsel's attempt to simply represent the arguments he

made to Magistrate Judge Payson by incorporating his previous arguments by reference is

improper.   As Judge Elfvin stated:

> The purposes of the Federal Magistrate's Act are, *inter alia*, to
> relieve courts of unnecessary work and to increase the overall
> efficiency of the federal judiciary.   Such would be thwarted if
> parties were permitted to simply retrace every step previously
> taken before a Magistrate Judge in order to repeat them before this
> Court.   It is clear from the plain language and spirit of [the Local
> Rule] that objections to the R&R are to be specific and are to
> address only those portions of the R&R to which the party objects.
> It is improper for [a party] to attempt to relitigate the entire
> contents of the proceedings previously had before the Magistrate
> Judge by submitting papers to a district court which are nothing
> more than a rehashing of the same arguments made and positions
> taken in the original papers submitted to the Magistrate Judge.
> Clearly, parties are not to be afforded a second bite at the apple
> when they file objections to an R&R.   In this instance, the
> petitioner has not tendered to the undersigned the same arguments
> as were advanced to [the Magistrate Judge] using new language
> but has instead attempted to present and rely entirely and verbatim
> on his previous papers by incorporating such in toto.   Such is
> frivolous and not acceptable and the objections must be rejected.
> A proceeding before the Magistrate Judge is not a meaningless
> dress rehearsal.

*Dennard v. Kelly*, No. 90-CV-0203E, 1997 WL 9785 (W.D.N.Y. Jan. 2, 1997) (alterations,

citations, and quotation marks omitted).

Nevertheless, I will proceed to review the merits of Judge Payson's determinations.   In

reviewing a defendant's objections to an R&R, district judges must conduct a *de novo* review of

those portions of the Report and Recommendation to which objections have been made.   *See* 28

U.S.C. § 636(b)(1)(C).   In doing so, a district judge "may accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate." *Id*. However, a different standard applies when a defendant seeks review of a D&O issued by a Magistrate Judge on a non-dispositive matter. In that circumstance, a district judge may reconsider and "modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); *see* 28 U.S.C. § 636(b)(1)(A).

Based upon this Court's *de novo* review of the R&R, I find no basis to alter, modify, or reject Magistrate Judge Payson's determination. Similarly, I find no basis to modify or set aside Judge Payson's D&O, since it is neither contrary to law nor clearly erroneous.

In objecting to Magistrate Judge Payson's R&R to deny McCloud's severance motion as moot, defense counsel argues that even if Robinson pleads guilty in this case, "that fact alone may not moot out the *Bruton* issue raised in the defense's request for severance." ECF No. 65. Counsel is incorrect.

In *Bruton v. United States,* 391 U.S. 123, 135-36 (1968), the Supreme Court recognized the risks posed by "powerfully incriminating extrajudicial statements of a co-defendant, who stands accused side-by-side with the defendant," which are then "deliberately spread before the jury in a joint trial." This language makes obvious a precursor to finding a *Bruton* issue is a joint trial of co-defendants.

In this case, the guilty plea of co-defendant Robinson[1] means that there will not be a joint trial of Robinson and McCloud, and any potential *Bruton* issue is therefore moot. *See, e.g., United States v. Howard*, 400 F. Supp. 2d 457, 476 (N.D.N.Y. 2005) (finding defendant's motion for severance moot under *Bruton* because the co-defendant pleaded guilty). Indeed, the very remedy that McCloud sought from this Court to resolve any *Bruton* issue – severance – would

---

[1] At the time Judge Payson issued her R&R, Robinson had expressed his intent to plead guilty in this case. On July 24, 2015, Robinson entered his plea of guilty in this case by way of a written plea agreement. See ECF No. 80.

result in exactly what will now occur because of Robinson's guilty plea, which is a trial where McCloud is the sole defendant. McCloud's objections to the R&R are entirely without merit.

McCloud's arguments regarding Magistrate Judge Payson's D&O are also without merit, and fail to establish that her determinations were either clearly erroneous or contrary to law. In her D&O, Magistrate Judge Payson denied without prejudice McCloud's request for subpoenas at this juncture because "McCloud has not demonstrated that any of the requested material constitutes exculpatory information within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963)," and that the disclosure of any "material that the government must produce under *Giglio v. United States*, 405 U.S. 150 (1972)…is premature at this time." ECF No. 64, at 7. McCloud advances no argument to convince me to the contrary, and I decline to disturb Magistrate Judge Payson's determination.

McCloud's disagreement with Magistrate Judge Payson's denial of his request for a bill of particulars is also without merit. Although he claims to be unaware of who the government alleges conspired with him regarding Count 2 of the Indictment, the record and Magistrate Judge Payson's D&O make clear that the government has informed McCloud of their allegation that he conspired with his former co-defendant Shahmell Robinson. The government also confirmed that the conspiracy alleged in Count 2 involves the production of the video alleged in Count 1, a video that defense counsel has reviewed. As Magistrate Judge Payson held, "McCloud has sufficient information to prepare his defense, to avoid unfair surprise and to interpose a claim of double jeopardy, if appropriate." ECF No. 64, at 6-7. Further particularization regarding the Count 2 conspiracy charge is not required, and I reject McCloud's arguments to the contrary.

Based on all of the foregoing, the R&R issued by Magistrate Judge Payson (ECF No. 64) is adopted and accepted in its entirety, and I decline to disturb Magistrate Judge Payson's D&O,

since it is neither clearly erroneous nor contrary to law.  McCloud's motion for severance (ECF No. 32) is denied as moot.

        IT IS SO ORDERED.

DATED:     Rochester, New York
           July 28, 2015

                                    HON. FRANK P. GERACI, JR.
                                    Chief Judge
                                    United States District Court