UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                                             Case # 14-CR-6174-FPG-2

v.

                                                                             ORDER

JORDAN MCCLOUD,

                       Defendant.
_____

On September 9, 2015, the Court accepted Defendant Jordan McCloud's plea of guilty to one count of receipt of child pornography. ECF Nos. 98, 99. On December 7, 2015, the Court sentenced Defendant to 150 months' imprisonment in the custody of the Bureau of Prisons ("BOP"). ECF Nos. 110, 111. On January 19, 2021, the Court received a *pro se* letter from Defendant requesting "acknowledgment of pre-sentence custodial time." ECF No. 121. Defendant asserts that the BOP has miscalculated the dates in which he was in federal custody prior to his sentencing and asks the Court to notify the BOP of the correct dates. *Id.* at 1. Alternatively, he asks the Court to modify the sentence so as to be consistent with his calculation. *Id.* at 2. The Court cannot provide Defendant with the relief he seeks.

"With limited exceptions, 'a judgment of conviction that includes [a sentence to a term of imprisonment] constitutes a final judgment,' and a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting 18 U.S.C. § 3582(b)-(c)). Moreover, the BOP, not the sentencing court, is vested with the authority to calculate a defendant's sentence. *See United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997). Thus, this Court is without power to modify Defendant's sentence on the basis that the BOP has miscalculated Defendant's sentence.

This is not to say that Defendant has no avenues for relief. If he wishes to challenge the BOP's calculation of his sentence, he may bring a petition under 28 U.S.C. § 2241. *See Roccisano*

*v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002) ("Under § 2241, a prisoner may challenge the execution of his sentence, such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention . . . ."); *Clapper v. Langford*, 186 F. Supp. 3d 235, 238 (N.D.N.Y. 2016) ("A § 2241 petition is generally the appropriate vehicle to raise claims arising from a prison official's computation of a prisoner's sentence.")

Before bringing a §2241 petition, however, Defendant must first seek administrative review of the calculation of his sentence, *see United States v. Senior*, 93 F. App'x 265, 266 (2d Cir. 2004) (summary order), and even then, Defendant must file the petition in the judicial district where he is confined, not the district where he was sentenced. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Here, Defendant is incarcerated at FCI Otisville, which is in the Southern District of New York. *See Flowers v. Fed. Bureau of Prisons*, No. 19 Civ. 8831 (LGS), 2020 U.S. Dist. LEXIS 172565, at *6 (S.D.N.Y. Sep. 21, 2020) (identifying § 2241 petition from prisoner in Otisville as having properly been filed in the Southern District of New York).

For these reasons, the Court is not in a position to grant Defendant's requested relief, and his letter request (ECF No. 121) is therefore DENIED.

IT IS SO ORDERED.

Dated: January 21, 2021
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court