UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

                                                                 Case # 14-CR-6174-FPG-2

v.

                                                                 ORDER

JORDAN McCLOUD,

                Defendant.

On September 9, 2015, the Court accepted Defendant Jordan McCloud's plea of guilty to one count of receipt of child pornography. ECF Nos. 98, 99. On December 7, 2015, the Court sentenced Defendant to 150 months' imprisonment in the custody of the Bureau of Prisons ("BOP"). ECF Nos. 110, 111.

On January 19, 2021, the Court received a *pro se* letter from Defendant requesting "acknowledgment of pre-sentence custodial time." ECF No. 121. In this letter, Defendant asserted that the BOP miscalculated the dates in which he was in federal custody prior to his sentencing and asked the Court to notify the BOP of the correct dates. *Id.* at 1. Alternatively, he asked the Court to modify the sentence so as to be consistent with his calculation. *Id.* at 2.

On January 21, 2021, the Court denied Defendant's request for relief. ECF No. 122. The Court explained that it could neither modify Defendant's term of imprisonment nor calculate his sentence. *Id.* at 1-2. However, the Court explained that Defendant could challenge the execution of his sentence by first seeking administrative relief and then filing a petition under 28 U.S.C. § 2241 in the district of his confinement—the Southern District of New York. *Id.* at 2.

On February 1, 2021, Defendant filed a motion for reconsideration. ECF No. 125. He explains that he is not asking the Court to correct his sentence; he just wants the Court to "formally acknowledge" certain facts regarding the dates he was in federal custody *Id.* at 1. "Providing the requested information," he asserts, "will help other jurisdictions (whether an internal BOP review

1

of the SDNY via a § 2241 petition) to resolve the miscalculation of his pre-sentence credits." *Id.* at 1.  Defendant's motion for reconsideration is DENIED.

It is not the Court's role to provide legal assistance to Defendant or to "acknowledge" facts affecting a dispute that is not properly before it or that has not yet arisen.  Here, as Defendant appears to concede, any dispute over the execution of his sentence is not properly before this Court, but rather must be brought in the jurisdiction in which he is confined—the Southern District of New York. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).  Further, no dispute has arisen here yet, because the "Court cannot make a credit determination as to [Defendant's] sentence in the first instance but, rather, can only review a credit determination by BOP[.]  Therefore, in the absence of a BOP determination, there is no case or controversy before this Court, and [Defendant's] claim is not ripe for review." *Evans v. United States,* No. 08-CV-3830 (JFB), 2010 U.S. Dist. LEXIS 49645, at *11 (E.D.N.Y. May 17, 2010); *see also Curtis v. Billingsley*, No. 16-CV-2558 (PGG) (JLC), 2017 U.S. Dist. LEXIS 43481, at *11 (S.D.N.Y. Mar. 24, 2017) ("Although a prisoner may later seek judicial review, the Bureau of Prisons, and not the courts, determines in the first instance when a defendant's sentence starts and whether the defendant should receive any credit for any time spent in custody." (citation and internal quotation marks omitted)).

Accordingly, Defendant's motion for reconsideration (ECF No. 125) is DENIED.

IT IS SO ORDERED.

Dated: February 23, 2021
      Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court